# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* GAMBLE/ACKLEY, Minors.

UNPUBLISHED
November 15, 2016

No. 332656
St. Clair Circuit Court
Family Division
LC No. 15-000445-NA

Before: STEPHENS, P.J., and SAAD and METER, JJ.

PER CURIAM.

Respondent-mother appeals the trial court's order that terminated her parental rights to the minor children pursuant to MCL 719A.19b(3)(g) and (j). We affirm.

Respondent challenges the trial court's findings regarding the existence of a statutory ground for termination and its determination that termination of her parental rights was in the children's best interests. We review the trial court's finding that at least one statutory ground for termination has been proved by clear and convincing evidence for clear error. *In re Laster*, 303 Mich App 485, 491; 845 NW2d 540 (2013). Whether termination of parental rights is in a child's best interests is determined by a preponderance of the evidence, *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013), and the trial court's decision regarding the child's best interests is also reviewed for clear error, *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). A finding is clearly erroneous "if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

The trial court terminated respondent's parental rights under MCL 712A.19b(3)(g) and (j), which provide as follows:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> * * *
>
> (g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

-1-

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

The trial court did not clearly err in finding that § 19b(3)(g) was established by clear and convincing evidence. Respondent failed to provide proper care or custody for the children due to her substance abuse. Drug abuse was an ongoing problem for which respondent had received treatment in the past. She completed treatment at Sacred Heart in 2011 but relapsed and was using drugs again in 2013. The children became court wards and respondent again received treatment. The children returned home in October 2014 and respondent relapsed again two months later. Respondent was provided with additional aftercare services, and the case was closed in April 2015. Respondent relapsed again six months later and disappeared. Once located, she was directed to arrange for additional inpatient treatment and report back to the worker within 24 hours. The worker heard nothing more from respondent regarding treatment, and respondent admitted that she continued to use drugs for the next few months until she went back to Sacred Heart in February 2016. Although respondent reported being clean and sober for 48 days at the time of the hearing, the repeated cycles of recovery and relapse established that she was unable to remain free of substance abuse for any significant period of time since 2010. Indeed, she admitted that she needed more time to be clean before her children could be returned to her care, but she could not say how much more time she needed. Accordingly, the trial court did not clearly err in finding that there was no reasonable expectation that respondent would be able to provide proper care and custody within a reasonable time given the children's ages.

The trial court also did not clearly err in finding that § 19b(3)(j) had been established by clear and convincing evidence. Respondent had a "chronic substance abuse" problem. As a result of her addiction, she admittedly kept the children home from school to avoid detection and to prevent the children's removal, she became homeless, and she disappeared after leaving the children with an unsuitable caretaker. The trial court found it extremely difficult to determine when, or if, respondent would ever put substance abuse permanently behind her, and respondent admitted that she needed more time to work on her sobriety before the children returned home. Therefore, we hold that the trial court did not clearly err in finding that the children were reasonably likely to be harmed if returned to respondent's home.

Regarding the children's best interests, the evidence showed that respondent had a chronic substance abuse problem that caused her, for many years, to place her own needs above those of her children. She resorted to keeping the children home from school to avoid detection and to leaving them with an unsuitable caretaker. Moreover, as the trial court found, there was no indication that respondent would be able overcome her substance abuse problem in the foreseeable future, if ever. Therefore, the trial court did not clearly err in finding that termination of respondent's parental rights was in the children's best interests.

Affirmed.

/s/ Cynthia D. Stephens
/s/ Henry William Saad
/s/ Patrick M. Meter